UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                             CASE NO. 09-14271
                                            HON. LAWRENCE P. ZATKOFF
v.

ALVIN L. BREZZELL,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 24th day of June, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Docket #7). Defendant did not file a timely response, nor did he file a response after this Court ordered him to show cause why Plaintiff's motion should not be granted. The Court finds that the facts and legal arguments pertinent to the Motion for Summary Judgment are adequately presented in Plaintiff's papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Motion for Summary Judgment is GRANTED.

**II. BACKGROUND**

This case concerns two student loans taken out by Defendant in 1980 and 1981, for which he executed a promissory note evidencing his obligation to repay the loans. The loans were guaranteed under loan guaranty programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087 *et seq.* (34 C.F.R. § 674). Defendant defaulted on the loans, and the balances of the promissory notes were accelerated. The holder of the promissory notes filed a claim with Plaintiff. When Plaintiff was unable to collect on the debt, it assigned its right and title to the loan to the U.S. Department of Education. From November 1988 through February 1991, Defendant's wages were offset for a total amount of $509.06. Defendant also made two voluntary payments – a $20.96 payment on April 15, 1991 and a $25.00 payment on July 11, 1991. According to U.S. Department of Education records, no payments have been received with respect to Defendant's student loans since the 1991 payments.

On October 30, 2009, Plaintiff filed the instant cause of action against Defendant to recover the outstanding balance owed by Defendant. Based on a Certificate of Indebtedness, the promissory note and an Affidavit of Lynda Fantalale, Loan Analyst for the U.S. Department of Education, Plaintiff has demonstrated that Defendant owed Plaintiff the sum of $2,251.94, including principal and interest, as of the date the Complaint was filed. In his initial correspondence to Plaintiff (dated November 2, 2009), Defendant denied ever applying for or receiving any student loans. When Plaintiff provided Defendant with proof of the student loans, Defendant again denied responsibility for the debt. Finally, on November 19, 2009, Defendant acknowledged receiving the student loans, but he claimed to have repaid the loans by way of tax offsets and wage garnishments.

Plaintiff served Defendant with discovery requests on December 14, 2009, including Interrogatories, Requests for Production and Requests for Admission. Plaintiff's discovery requests

required Defendant to produce proof of his claims of payment on the student loans, and with respect to the Requests for Admission, Plaintiff asked Defendant to admit the following:

> **REQUEST FOR ADMISSION 1**: Admit that you applied for and received the student loan(s) that are the subject of this litigation.
>
> **REQUEST FOR ADMISSION 2**: Admit that you signed the Promissory Note attached hereto as Exhibit A.
>
> **REQUEST FOR ADMISSION 4:** Admit that you defaulted on your payments on the student loans evidenced by the Promissory Note attached hereto as Exhibit A.

Defendant did not timely respond to those discovery requests. In fact, except for a communication on February 8, 2010, Defendant still has not responded to the December 14, 2009 discovery requests. In his February 8, 2010 communication to Plaintiff, Defendant asserted that he repaid the loans in full in 1995 by way of an IRS levy. Defendant has offered no documentation to support his assertion that the 1995 IRS levy pertained to the student loans and promissory note that are the subject of this litigation.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. The nonmoving party must also set forth probative evidence sufficient to establish that there is a genuine issue of material fact for trial: "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In other words, a nonmoving party is not entitled to trial merely on basis of allegations; rather, he must present significant probative evidence in support of his claim or defense. *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993), *cert. denied*, 510 U.S. 976 (1993). Moreover, the evidence must be more than the nonmovant's own pleadings and affidavits. *Ashbrook v.* Block, 917 F.2d 918, 921 (6th Cir. 1990). Finally, if the nonmoving party does not respond, summary judgment should, if appropriate, be entered against the nonmoving party. Fed.R.Civ.P. 56(e)(2); *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *O'Hara v. Wigginton*, 24 F.3d 823, 826-27 (6th Cir. 1994).

## IV. ANALYSIS

In order to prevail on its Motion for Summary Judgment, Plaintiff needs to show that: (1) Defendant signed the promissory note, (2) Plaintiff is the present owner or holder of the note, and (3) the promissory note is in default. Once Plaintiff has produced sufficient evidence to satisfy its summary judgment burden, the burden then shifts to the Defendant to set forth specific facts

showing that there is a genuine issue for trial. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citation omitted).

As noted above, Plaintiff served Defendant with Interrogatories, Requests for Production and Requests for Admission on December 14, 2009. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant was required to respond to Plaintiff's discovery requests within thirty (30) days. Defendant failed to respond in any way to the Requests for Admission or to Plaintiff's other discovery requests that Defendant produce any and all evidentiary support for his assertions that he has paid and/or disputes the balance of the loans in question. Pursuant to Rule 37, when a party fails to respond to Requests for Admission within the applicable thirty-day time period, the matter is deemed admitted and conclusively established. Accordingly, by failing to respond to Plaintiff's Requests for Admission, Defendant has admitted that: (1) he received the student loans, (2) he signed the promissory note evidencing the student loans; and (3) he defaulted on the payments thereunder.

Moreover, even if this Court were to find that the elements of Plaintiff's claim are not deemed admitted for Defendant's failure to comply with Rule 37, Plaintiff has satisfied its burden with respect to summary judgment. The Certificates of Indebtedness and promissory note attached to Plaintiff's Complaint and its Motion for Summary Judgment establish Plaintiff's prima facie case, *i.e.*, that Defendant signed the promissory note, that Plaintiff is the present owner of the promissory note, and that Defendant is in default under the promissory note. *Lawrence*, 276 F.3d at 197. The burden therefore shifts to Defendant to set forth specific facts showing that there is a genuine issue for trial. *Id.* Defendant, however, has failed to produce any evidence to support any of his allegations or alleged defenses to Plaintiff's claim. Therefore, the Court concludes that Defendant

5

has not met the burden required to defeat summary judgment, *i.e.,* Defendant has not shown that there is a genuine issue of material fact for trial.

Accordingly, the Court grants Plaintiff's Motion for Summary Judgment and finds that Plaintiff is entitled to Judgment in the amount of $2,251.94, plus pre-judgment interest from the date of the filing of the Complaint until the date of Judgment. Plaintiff also shall be entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion for Summary Judgment (Docket #7) is GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 24, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 24, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290